Williams, J.
The questions chiefly argued in the case, relate to the validity of the transfer by Mrs. South, of her expectancy in the personal estate of her father, to her brother Isaac N. Posegate. The defendants in error contend, that the attempted transfer is inoperative against them, first: because Mrs. South was, at the time, under the disability of coverture; *395 .■and secondly, her father being then living, her interest in his estate was incapable of transfer. It is also claimed that Mrs. South having died before'her father, her children, by force of the statute, (sec. 5971 R. S.) took directly under the will, and not from her.
Unless, however, at the death of the widow, it became the •duty of the executor to collect and distribute the unconsumed personal estate given her by the will, an account thereof •could not be enforced against him in the probate court; •and whether such duty devolved upon, the executor in the execution of his trust, is naturally the first question demanding consideration.
No statutory election by the widow to take under the will of her deceased husband, is shown by the record. It discloses however, that she actually accepted the provision made for her in the will, by receiving, using, and controlling the property bequeathed to her, as fully as she could, if she had appeared in the probate court for that purpose, and declared her election, which is the equivalent of an election made in •conformity to the statute. Baxter v. Bowyer, 19 Ohio St. 490. The bequest contained in the second item of the will, is absolute, and, unaffected by any other provision of the will, would vest in the widow, the unqualified ownership of the property •bequeathed to her. If it be conceded, that the third item, which, at her death, gives the personal estate, or so much thereof as shall be unconsumed, to the testator’s children, so ■qualifies the previous bequest, as to reduce the estate given by it to the widow, to one for life, it must also be admitted, that it is a life estate with the right to the possession, use, enjoyment and consumption of the property by her, without restriction, either upon the mode of its use and enjoyment, or the extent of its consumption ; for, it is only so much as shall remain unconsumed at the death of the widow, that is given over to the children, and no limitation is found in the will, upon the nature of the use to which she may subject the property, and her power to consume it. is uncontrolled. Such right of use, enjoyment and consumption, necessarily implies the right to the possession of the property, since, vdthout its *396 possession, it could neither be used, enjoyed or consumed. The duty of the executor, under the will, therefore was, after the payment of the debts and funeral expenses of the testator, to deliver possession of the personal estate to the widow.
It may be, that a court of equity, would have compelled the widow to furnish the legatees of the remainder, an inventory of the property received by her from the executor ; and, that a proceeding might have been maintained by them against her to require security against its improper disposition, likely to defeat their estate in it. It has sometimes been held, that equity will assist the donee in remainder, to whom a gift of personal property is made after the decease of another who is to have it only for life. And it may also be, that no disposition which the widow could make of the property, otherwise than such as resulted from its use and comsumption, would be effectual as against the children to whom the unconsumed remainder is bequeathed, and, that a remedy is open to them, to‘ charge the person receiving it under such unauthorized disposition, like that pursued in the case of Huston v. Craighead, 23 Ohio St. 198. But we are of opinion, no duty was imposed upon the executor, to exact an inventory from the widow when he delivered the personal estate to her according to the requirement of the will, or to institute proceedings to protect the donees in remainder; nor, is he responsible for any disposition made of the property by the widow after it lawfully came to her possession, or thereafter accountable for it, in his representative capacity. It can not be claimed, that any express duty is enjoined by the will upon the executor, with respect to the estate in remainder. He is not required or directed to take charge of the unconsumed personalty, and divide it among the children. It is given by the will directly to them, to be equally divided among them. Upon this point the case is not distinguishable from Flickinger v. Saum, 40 Ohio St. 591. There, the testator devised and bequeathed his real and personal estate, after the payment of his debts, to his wife for life, remainder to be qually divided between the heirs of his children. The executor paid the debts, and delivered the balance of the personal estate to the widow. It was held the *397 executor had no remaining duty to perform, and that it was not his duty to divide the estate in remainder. It is said in the opinion by Martin, J., that after the executor paid the debts; (there being no legacies to pay), “ he had no right to retain the assets. The devise to the widow was of all the personal property, and was in its nature specific. The assent by the executor was a relinquishment of all claim to the property, and perfected the title of the widow and remainder men.” And see Ratcliff v. Warner, 32 Ohio St. 334.
In the case now under consideration, the bequest to the wife is of all the testator’s personal estate. The debts and funeral expenses were paid by the executor. There were no legacies to be paid. The executor had no right to withhold from the widow, the personal estate remaining in his hands, and nothing remained for him to do but deliver its possession to her, and settle his accounts. This, according to the agreed statement of facts contained in the bill of exceptions, the executor did, and we think the court of common pleas correctly held, that the estate was finally settled and distributed in conformity to the will. As this conclusion is decisive of the case, we leave undecided the questions argued, concerning the validity, and effect of the transfer by Mrs. South of her expectancy, and the rights of the defendants in error in the property. Those questions could not properly be determined in the proceeding prosecuted by them in the probate court, nor in any other which that court has jurisdiction to entertain.

Judgment of the circuit court reversed, and that of the common pleas affirmed.